36 F.3d 1106
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Harold Frederick KRUEGER, Defendant-Appellant.
 No. 93-6009.
 United States Court of Appeals, Tenth Circuit.
 Aug. 31, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before KELLY and McKAY, Circuit Judges, and BRIMMER,[2] District Judge.
 
 
 2
 Harold Frederick Krueger was convicted on a multi-count indictment charging one count of conspiracy in violation of 18 U.S.C. 371, eight counts of mail fraud in violation of 18 U.S.C. 1341-42, and six counts of wire fraud in violation of 18 U.S.C. 1343. Mr. Krueger was sentenced to a total of 115 months imprisonment. On appeal, Mr. Krueger raises nine instances of alleged error.
 
 
 3
 Mr. Krueger's convictions stem from his involvement in an investment scam which netted approximately $1.4 million in investor funds. Mr. Krueger was tried together with codefendant Thomas Flanagan, and the details of the scam, known as Fidelity National Medical Supply (Fidelity), are set forth in our opinion in that case. United States v. Flanagan, ---- F.3d ---- (10th Cir.1994). We will not restate the details of the scam except as necessary to the resolution of this appeal. We now address Mr. Krueger's nine allegations of error in turn.
 
 
 4
 I. Admission of Other Crimes Evidence Under Rule 404(b)
 
 
 5
 Prior to trial, the government notified the defense that, should Mr. Krueger decide to testify on his own behalf, it intended to introduce evidence of Mr. Krueger's prior conviction arising out of his involvement in 1980 in a similar scam known as Southern Medical Supply, pursuant to Fed.R.Evid. 404(b) and 609. Mr. Krueger moved in limine to exclude the evidence under both rules. The trial court denied the motion, ruling that the evidence was admissible under both Rules 404(b) and 609.
 
 
 6
 We review the trial court's decision to admit evidence for an abuse of discretion. United States v. Record, 873 F.2d 1363, 1373 (10th Cir.1989). It is not clear from the briefs whether Mr. Krueger is appealing only the decision to admit the evidence under Rule 404(b) or whether he is appealing both that decision and the ruling that the evidence was admissible under Rule 609. Because admission of the evidence under Rule 404(b) likely would be harmless error in light of the fact that the evidence was also admitted under Rule 609, we presume that Mr. Krueger is appealing both rulings, and we therefore address both.
 
 
 7
 Under Huddleston v. United States, 485 U.S. 681 (1988), Rule 404(b) "other acts" evidence is admissible if: (1) the evidence is offered for a proper purpose; (2) it is relevant and admissible for the relevant purpose; (3) its probative value substantially outweighs its prejudicial effect; and (4) the jury is instructed as to the proper purposes for which the evidence may be used. Id. at 691-92. The district court held that the first three parts had been satisfied, and properly instructed the jury in accordance with the fourth part. The district court did not abuse its discretion in so holding. The government introduced evidence of the substantial similarities between the Southern Medical Supply scam and the Fidelity scam. Thus, the evidence was certainly relevant to the issue of Mr. Krueger's knowledge of the nature of Fidelity's operations and of his intent and lack of mistake in being involved with Fidelity, issues directly contested by Mr.Krueger's defense. Given the extensive similarities between the two scams, we agree with the district court that the probative value of the evidence substantially outweighed its prejudicial value, and we hold that the evidence was properly admitted under Rule 404(b).
 
 
 8
 Turning to the admission of the evidence under Rule 609, we also find no abuse of discretion by the trial court. Rule 609 states that evidence of a prior conviction is not admissible if a period of more than ten years has elapsed since the date of the conviction. However, evidence of a conviction more than ten years old is admissible if the court determines that the probative value of the conviction, supported by specific facts and circumstances, substantially outweighs its prejudicial effect. Fed.R.Evid. 609(b). The court held that, in light of the substantial similarities between the Southern Medical Supply scam and the Fidelity scam and the fact that the prior conviction was just outside the ten year period, the probative value of the evidence substantially outweighed its prejudicial effect. We find no abuse of discretion.
 
 II. Limitation on Cross-Examination
 
 9
 Mr. Krueger next argues that the district court improperly limited his cross-examination of FBI Agent Storer, thus violating his Sixth Amendment right to confrontation of witnesses. The trial court retains discretion reasonably to limit the cross-examination of witnesses based on such concerns as prejudice and confusion of the issues. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986); United States v. DeSoto, 950 F.2d 626, 629 (10th Cir.1991). We therefore review the trial court's decision to limit cross-examination for an abuse of discretion. The same evidentiary rules apply to cross-examination as to other testimony; accordingly, where the district court's limitation of cross-examination is based on the rules of evidence, we review that determination for an abuse of discretion as well. See Durtsche v. American Colloid Co., 958 F.2d 1007, 1011 (10th Cir.1992).
 
 
 10
 Over the objection of Mr. Krueger's counsel, Agent Storer testified on direct examination to Mr. Krueger's involvement in the 1980 Southern Medical Supply scam. Mr. Krueger's counsel argued that, in light of this testimony, he wished to cross-examine Agent Storer to establish that Mr. Flanagan was also involved in the 1980 scam. Mr. Flanagan's counsel objected on the ground that such testimony would be hearsay with respect to Mr. Flanagan, as Agent Storer's entire knowledge of Mr. Flanagan's involvement came from Mr. Krueger. The district court agreed that such testimony would be hearsay, and instructed Mr. Krueger's counsel not to inquire into Mr. Flanagan's involvement in the earlier scam. (R. Vol. IV at 291-92.)
 
 
 11
 On appeal, Mr. Krueger argues that the restriction on the cross-examination of Mr. Storer was improper and robbed Mr. Krueger of the opportunity to elicit evidence corroborating the testimony of Mr. Krueger as to the extent of his cooperation with the FBI in the investigation of the earlier scam. Mr. Krueger also argues that, but for the limitation on the cross-examination, he would not have testified. These arguments miss the mark. The limitation on Mr. Krueger's cross-examination of Agent Storer was based on Agent Storer's lack of personal knowledge of Mr. Flanagan's involvement in the 1980 scam and the consequent hearsay nature of such testimony. Mr. Krueger does not argue that the evidence was not hearsay, and we accordingly cannot find that the district court's ruling constituted an abuse of discretion. We therefore hold that the district court did not err in limiting Mr.Krueger's cross-examination of Agent Storer.
 
 III. Sufficiency of the Evidence
 
 12
 In his fourth, fifth, and sixth allegations of error, Mr. Krueger argues that the evidence was insufficient to support his convictions for conspiracy, mail and wire fraud, and money laundering. The sufficiency of the evidence is a question of law subject to de novo review. United States v. Markum, 4 F.3d 891, 893 (10th Cir.1993). "The evidence--both direct and circumstantial, together with the reasonable inferences to be drawn therefrom--is sufficient if, when taken in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." United States v. Hooks, 780 F.2d 1526, 1531 (10th Cir.1985), cert. denied, 475 U.S. 1128 (1986).
 
 
 13
 In order to prove the defendant's knowing and willful participation in a conspiracy under 18 U.S.C. 371, the government must present evidence proving that there was an agreement between two or more people, that the intent of the agreement was to defraud, and that an overt act in furtherance of the conspiracy was committed by one of the conspirators. United States v. Zimmerman, 943 F.2d 1204, 1209 (10th Cir.1991). The agreement may be shown by circumstantial evidence, United States v. McMahon, 562 F.2d 1192, 1196 (10th Cir.1977), and the connection between the defendant and the conspiracy need only be slight, as long as there is sufficient evidence to establish that connection beyond a reasonable doubt. United States v. Savaiano, 843 F.2d 1280, 1294 (10th Cir.), cert. denied, 488 U.S. 836 (1988). With this standard in mind, we review the evidence supporting the jury's determination as to Mr. Krueger's knowing participation in the conspiracy, mail and wire fraud, and money laundering. That evidence consists of the following: Mr. Krueger's use of an alias in his work for Fidelity prior to his alleged firing; Mr. Krueger's involvement in the hiring of the initial employees; Mr. Krueger's close relationship to codefendant Flanagan and to Richard Condia; Mr. Krueger's instructions to employee Darcy Jones as to where to deposit checks and to place advertisements; Mr. Krueger's thumbprint on the warehouse lease which was signed after Mr. Krueger's purported firing; Mr. Krueger's involvement in the preparation of various Fidelity documents, including brochures and advertising; and Mr. Krueger's involvement in 1980 in a substantially identical scam. Considering the evidence as a whole in the light most favorable to the government, we conclude that the evidence, though primarily circumstantial, is sufficient such that a reasonable jury could find Mr. Krueger guilty of conspiracy, mail and wire fraud, and money laundering beyond a reasonable doubt.[3]
 
 IV. Admission of Agent Black's Testimony
 
 14
 Mr. Krueger next argues that the district court improperly admitted hearsay testimony by FBI Agent Black regarding statements made by Mr. Krueger during an investigation of the Fidelity scam. Agent Black testified as to certain statements made by Mr. Krueger during four interviews, at three of which Agent Black was present. To the extent that any of Agent Black's testimony was based on statements made by Mr. Krueger during interviews at which Agent Black was present, the testimony was not hearsay because Agent Black had personal knowledge of Mr. Krueger's statements and the statements themselves constituted admissions by Mr. Krueger. Mr. Krueger argues, however, that Agent Black's testimony relating to what Mr. Krueger allegedly told other FBI agents when Agent Black was not present was hearsay. The government responds that the testimony was not hearsay because it was offered not to prove the truth of the statements, but merely to impeach Mr. Krueger's testimony on certain points.
 
 
 15
 Ordinarily, we would review the admission of evidence for an abuse of discretion. However, where there is no contemporaneous objection to the admission of the evidence, we review the district court's decision only for plain error. United States v. Bowser, 941 F.2d 1019, 1021 (10th Cir.1991). Here, Mr. Krueger's counsel did not object to Agent Black's testimony until after the witness had been dismissed and the court was discussing the jury instructions. At that point, Mr. Krueger's counsel made an oral motion in limine to strike the testimony on grounds of hearsay. (R. Vol. VIII at 1214-15.) The court denied the motion on the ground that the testimony had been used to impeach Mr. Krueger. A review of the record supports the district court's conclusion. Mr. Krueger testified that he had worked for Fidelity for three to three-and-a-half weeks (R. Vol. VIII at 1147), while Agent Black testified that Mr. Krueger had told the other FBI agents that he had worked for Fidelity for three months. Id. at 1201. Mr. Krueger testified that his thumbprint had been left on the warehouse lease because it was in a pile of comic books that Barry Kent had asked him to help move, id. at 1165, while Agent Black testified that Mr. Krueger had never mentioned the comic books during his interview, and had stated that the thumbprint was made when Mr. Krueger had reviewed some documents for Barry Kent. Id. at 1203. Finally, Mr. Krueger testified that he had never told the FBI agents that he took over for Mr. Flanagan when Mr. Flanagan went on the road, (R. Vol. VIII at 1185-86), while Agent Black testified that Mr. Krueger had stated that he replaced Mr. Flanagan. Id. at 1202. We conclude that the district court did not commit plain error in determining that Agent Black's testimony was used to impeach Mr. Krueger rather than to establish the truth of the matters asserted and that the evidence was accordingly not hearsay. The district court therefore did not err in admitting Agent Black's testimony.
 
 V. Application of Sentencing Guidelines
 
 16
 Mr. Krueger alleges two instances of error in the district court's calculation of his sentence under the United States Sentencing Guidelines. In determining Mr. Krueger's sentence, the district court, pursuant to U.S.S.G. 3D1.2(d), grouped all of the counts together and determined that the applicable offense level was to be determined by the count that produced the highest level. See id. 3D1.3(a). In this case, the district court determined that the applicable guideline was 2S1.2, which governs violations of 18 U.S.C.1957(a). The district court then added five levels to the base offense level pursuant to 2S1.2(b)(2) because the "value of the funds" exceeded $100,000. Mr. Krueger argues that the five-level increase was in error because it resulted from the adding of the funds attributable to the monetary transaction and the wire fraud scheme. This grouping, Mr. Krueger argues, was improper in light of this court's holding in United States v. Johnson, 971 F.2d 562 (10th Cir.1992), wherein we held that "it was an incorrect application of 3D1.2(d) of the guidelines for the district court to determine the offense level by adding the funds obtained from the wire fraud scheme to the funds used by the defendant in the money-laundering offenses." Id. at 576.
 
 
 17
 Mr. Krueger also argues that the district court erroneously included a criminal history point for a sentence imposed on Mr. Krueger on April 1, 1981, more than ten years prior to the commencement of the conspiracy in this case, in violation of 4A1.2(e)(2)-(3). Deducting this criminal history point, Mr. Krueger's criminal history category would be decreased from category II to category I.
 
 
 18
 The government concedes that in light of this court's precedents, the district court erred in grouping the counts for sentencing and in computing Mr. Krueger's criminal history category. We agree, and accordingly order the district court to vacate Mr. Krueger's sentence and resentence the defendant consistent with this opinion.
 
 
 19
 VI. Enhancement of Sentence under U.S.S.G. 3B1.1(a).
 
 
 20
 Mr. Krueger's final allegation of error lies in the district court's enhancement of his sentence under U.S.S.G. 3B1.1(a) for being an organizer or leader. This enhancement resulted in a four point increase in Mr. Krueger's offense level. We review the district court's factual findings regarding the defendant's role in the offense for clear error. United States v. McIntyre, 997 F.2d 687, 710 (10th Cir.1993), cert. denied, 114 S.Ct. 736 (1994). "Key determinants of the applicability of 3B1.1 are control or organization: the defendant must have exercised some degree of control over others involved in the commission of the offense or he must have been responsible for organizing others for the purpose of carrying out the crime." United States v. Reid, 911 F.2d 1456, 1464 (10th Cir.1990) (internal quotations omitted), cert. denied, 498 U.S. 1097 (1991). In light of the evidence presented in this case, we cannot conclude that the district court's factual determination as to the extent of Mr. Krueger's role in the offense was clearly erroneous. We accordingly find no error in the district court's application of 3B1.1(a) to enhance Mr. Krueger's sentence.
 
 
 21
 The conviction is AFFIRMED, and the matter is REMANDED for resentencing consistent with this opinion.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable Clarence A. Brimmer, Jr., United States District Judge for the District of Wyoming, sitting by designation
 
 
 [3]
 Mr. Krueger also alleges that the evidence supporting Count 16 of the superseding indictment alleging money laundering is insufficient because it does not provide for aiding and abetting liability. We note that once the jury found Mr. Krueger to be involved in the conspiracy, he became vicariously liable for the actions of the other conspirators in furtherance of the conspiracy. United States v. Brewer, 983 F.2d 181, 185 (10th Cir.), cert. denied, 113 S.Ct. 2347 (1993). Nevertheless, even assuming that co-conspirator liability did not apply, the superseding indictment properly contained an allegation of causation so as to support direct liability. See United States v. Kline, 922 F.2d 610, 612 (10th Cir.1990); United States v. Montoya, 716 F.2d 1340, 1343 n. 1 (10th Cir.1983)